IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GABRIEL GUEL-ESCOBEDO, | § | |
| Movant, | § | |
| | § | 3:16-CV-1826-D |
| v. | § | 3:13-CR-04-D-(01) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**I. Background**

Gabriel Guel-Escobedo was removed from the United States. He later reentered the United States illegally, was arrested, and pleaded guilty to unlawful reentry after removal, being a felon in possession of a firearm, and being an illegal alien in possession of a firearm. He was sentenced to 57 months in prison with three years of supervised release. After he successfully challenged that sentence on direct appeal, *see United States v. Guel-Escobedo*, 578 F. App'x 454 (5th Cir. 2014), he was resentenced to 51 months in prison with three years of supervised release.

He later filed this 28 U.S.C. § 2255 motion. He claims only that his sentence was "erroneously enhanced" in violation of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court ordered the government to respond to Guel-Escobedo's motion, and the government moved instead to stay this case pending the resolution of *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). A stay was entered, *Beckles* was announced, and the stay was later lifted.

**II. Discussion**

Guel-Escobedo claims that the Court erred "[p]ursuant to *Johnson*" when it "enhanced"

his sentence "due to [his] prior convictions." In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

But Guel-Escobedo was not convicted of violating the Armed Career Criminal Act. Nor does he otherwise attempt to explain how *Johnson* applies here. To the extent that he argues that the Court enhanced his sentence under a section of the United States Sentencing Guidelines that was unconstitutional in *Johnson*'s wake, *Beckles* forecloses his argument. In *Beckles*, the Supreme Court held that, unlike the statute at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892.

Moreover, to the extent that Guel-Escobedo claims that the Court otherwise erred in calculating his sentence, that claim is not cognizable here because "'an attempt to challenge the court's sentencing calculations is not a basis for a section 2255 proceeding.'" *Wright v. United States*, 3:16-cv-610-K, 2016 WL 949747, at *2 (N.D. Tex. Mar. 13, 2016) (quoting *Momin v. United States*, Nos. 3:07-cv-889-L & 3:04-cr-289-H, 2008 WL 1971390, at *1) (N.D. Tex. Apr. 30, 2008); *accord United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injures that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.") (citation omitted). Accordingly, Guel-Escobedo's contention that the Court committed reversible error at sentencing lacks merit.

### III. Recommendation

For the foregoing reasons, it "plainly appears" that Movant "is not entitled to relief" on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see also Paz v. United States*, No. 3:16-cv-1815-M-BN, 2017 WL 2954651 (N.D. Tex. May 18, 2017) ("[I]t 'plainly appears' that Movant 'is not entitled to relief' on the Section 2255 motion, and the motion should be dismissed.") (citing Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts), *rec. adopted*, 2017 WL 2954397 (N.D. Tex. Jul. 7, 2017).

Signed this 13 day of Oct., 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).